IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICHARD E. WILKINS**                                                                    **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 4:05CV132LN**

**TODD KEMP, UNKNOWN MARY, STEVE
DOE, CONNIE DOE, IDA DOE and CLARKE
COUNTY, MISSISSIPPI**                                                                 **DEFENDANTS**

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on the 7th day of February, 2006, at the James O. Eastland Federal Courthouse in Jackson, Mississippi.  The Plaintiff appeared *pro se*, and the Defendants were represented by attorney William R. Allen.  The court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing, a scheduling/case management hearing, a discovery conference, and a pretrial conference.  The court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation.  After due consideration of the issues involved in this case and the requests for discovery, the court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  The Plaintiff made three claims in his Complaint – illegal search and seizure of his property, failure to protect from hazardous jail conditions and denial of medical care; however his search and seizure claims have been dismissed.

---

[1] *See,* Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Wilkins claims that water running from the shower in the Clarke County Jail caused him to slip and hurt his neck and back. He has had prior surgery on his neck and back from an unrelated injury.

After the fall, Wilkins claims that he was in severe pain and could hardly sit up or walk. He says he made numerous requests for medical care that were ignored, until his wife visited the facility. At that time, he was taken to an off-site doctor who gave him "admission forms" that were never completed. Despite being moved to another facility, Wilkins claims that he has not received adequate medical care, as he has not had an MRI. The Plaintiff declined to withdraw his request for a jury trial.

2. **DISCOVERY ISSUES and PENDING MOTIONS**

The Plaintiff signed a medical waiver in order that the attorney for the Defendants could acquire all of his medical records pertaining to this incident and present them at the trial for the benefit of the court and all parties. The Defendants' attorney is directed to provide copies to the Plaintiff of these records, as well as the Plaintiff's entire jail file, including any medical request forms or any other reports regarding the Plaintiff. Further, the Defendants should provide a copy of all reports made to officers or administrators of the Clarke County Jail regarding this incident. This information shall be provided to the Plaintiff by March 31, 2006.

The parties stipulate as to the authenticity of the Plaintiff's medical records and agree that no physician testimony shall be necessary at the trial. The records shall be admitted as a general exhibit. There are no other discovery matters pending, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1).

3. **TRIAL WITNESSES**

The Plaintiff did not request that any witnesses incarcerated in the custody of the MDOC, be brought to testify on his behalf at the trial of this matter. The court advises the Plaintiff that he may call any free world witnesses, but that it will be his responsibility to secure any free world witnesses' voluntary presence at the trial of this cause, or at least 10 days prior to trial, he may submit to the clerk's office the $40.00 witness fee for each witness along with the complete address of where the witness can be found, so that the United States Marshals Service can subpoena said witness for the Plaintiff.

4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

This conference shall stand in lieu of a pretrial conference, and this order shall stand in lieu of a pretrial order.

IT IS HEREBY ORDERED that the deadline for submitting motions in this matter is April 17, 2006. A trial of this action will be scheduled, if necessary, after the disposition of motions filed by that date.

IT IS SO ORDERED, this the 14th day of February, 2006.

        S/Alfred G. Nicols, Jr.
        UNITED STATES MAGISTRATE JUDGE