# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**RICHARD E. WILKINS**                                                                                          **PLAINTIFF**

**VS.**                                                                                       **CIVIL ACTION NO. 4:05CV132LS**

**TODD KEMP, UNKNOWN MARY, STEVE
DOE, CONNIE DOE, IDA DOE and CLARKE
COUNTY, MISSISSIPPI**                                                                                         **DEFENDANTS**

## ORDER

This matter came before the court on two Motions submitted by the Plaintiff[1]– a Motion for Examination by an Outside Doctor/Examiner/Preferred Neurosurgeon and a Motion to Vacate the Order Referring the Civil Matter to Magistrate James C. Sumner, United States Judge. This is a conditions of confinement action brought pursuant to 42 U.S.C. §1983. Wilkins claims that water running from the shower in the Clarke County Jail caused him to slip and hurt his neck and back. He has had prior surgery on his neck and back from an unrelated injury. After the fall, Wilkins claims that he was in severe pain and could hardly sit up or walk. He says he made numerous requests for medical care that were ignored, until his wife visited the facility. At that time, he was taken to an off-site doctor who gave him "admission forms" that were never completed. Despite being moved to another facility, Wilkins claims that he has not received adequate medical care, as he has not had an MRI.

The Defendants have responded to the first Motion by stating that they have no objection to the Plaintiff's being examined by an outside doctor; however, they first have requested that the court order the Plaintiff to identify each medical provider who has examined or treated him for injuries

---

[1] The Plaintiff has also submitted a Motion for Summary Judgment, which will not be considered until the Defendants submit a response.

to his neck or back, or any other medical issue, for the last ten years. While the court agrees that ordering Wilkins to provide information regarding medical treatment for his back and neck would be appropriate, it is not clear why the Defendants would need information regarding other medical conditions, unless they contributed to his injury or pain. The court is of the opinion that Wilkins has not put his entire medical history at issue by bringing this Complaint. However, because Wilkins is not represented by counsel, upon whom the court could rely to submit any medical information relevant to Wilkins's claims, he will be ordered to provide the information to the court for review. The court will then determine what information could be relevant to his claims and transmit it to the Defendants. When the medical information is transmitted, the court will order the Defendants to make the appropriate arrangements for an examination by an outside doctor.

At the Omnibus Hearing recently held in this matter, the Plaintiff consented to the exercise of jurisdiction by a United States Magistrate Judge, but refused to waive his request for a jury trial. The hearing was conducted by Magistrate Judge Nicols, who recently retired; however, the Consent form signed by the Plaintiff did not identify any specific Magistrate Judge. In light of Judge Nicols's retirement, this case was referred to Magistrate Judge Sumner. The Plaintiff now seeks to have the referral vacated. In support of his Motion, he states:

> Plaintiff signed the consent form because he thought or believed it was necessary for appearance reasons. On February 7, 2006 [the date of the omnibus hearing], he did request a jury trial on all issues triable by a jury. And that to the best of Plaintiff's belief and information United States Magistrate Judge Alfred G. Nicols, Jr. granted him the privilege of a jury trial.

A party who has consented to proceed before a Magistrate Judge may withdraw that consent "for good cause." *Knighten v. John*, 115 Fed. Appx. 669, 670 (5th Cir. 2004). A party who has established that his consent was involuntary has demonstrated good cause for withdrawing it. *Carter*

*v. Sea Land Services*, 816 F.2d 1018, 1021 (5th Cir. 1987).  Additionally, in determining whether to exercise its discretion to vacate such a referral, the court may consider whether it will cause undue delay, whether it will inconvenience the court or the witnesses, whether it will cause prejudice to the parties, whether the movant is proceeding *pro se*, whether the consent was voluntary and uncoerced, whether the motion is made in good faith or for a dilatory purpose, whether there is a possibility of bias on the part of the Magistrate Judge, and whether the interests of justice would be served by holding the party to his consent. *Id*.

In this case, nearly all of those factors argue in favor of permitting Wilkins to withdraw his consent.  He is proceeding *pro se* and may not have understood that he was consenting to **any** Magistrate Judge's presiding over his case.  He likely did not know of Judge Nicols's impending retirement.  Wilkins's Motion is not dilatory, but was made shortly after he became aware of the referral to Magistrate Judge Sumner.  For that reason, there will be no inconvenience or prejudice to the Defendants, who have not objected to the Motion.  Although Wilkins may not understand that he could have a jury trial before Magistrate Judge Sumner, in light of his objection to proceeding before a Magistrate Judge and his apparent confusion on ths subject, the court is of the opinion that the better course of action would be to permit him to withdraw his consent.  This Order does not prevent Magistrate Judge Sumner, to whom this case is now assigned, from considering any further pretrial Motions made in this matter and any such motions should be directed to him.  It likewise does not foreclose the possibility that the court will refer this matter to Magistrate Judge Sumner to submit a recommendation for the ultimate disposition of this matter.

IT IS, THEREFORE, ORDERED as follows:

1. The Plaintiff's Motion for Examination by any Outside Doctor/Examiner/Preferred Neurosurgeon is hereby **granted**, subject to the following conditions:

    a. The Plaintiff shall submit to the court, on or before March 31, 2006, a list of all doctors who have treated the Plaintiff for the last ten years. The list will include the name of the doctor, his or her address (to the extent known), the condition for which that doctor treated the Plaintiff, and the treatment that was given.

    b. The court will review the list and submit the information relevant to the Plaintiff's claims to the Defendants, after which they will arrange for the Plaintiff to be seen by an outside doctor.

2. The Plaintiff's Motion to Vacate the Order Referring the Civil Matter to Magistrate James C. Sumner, United States Judge, is hereby **granted** and the Order entered on February 13, 2006, referring this matter to Judge Sumner, is hereby vacated.

IT IS SO ORDERED, this the 10th day of March, 2006.

                                                 S/Tom S. Lee
                                     UNITED STATES DISTRICT JUDGE