IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICHARD E. WILKINS**   **PLAINTIFF**

**VS.**   **CIVIL ACTION NO. 4:05CV132LS**

**TODD KEMP, UNKNOWN MARY, STEVE
DOE, CONNIE DOE, IDA DOE and CLARKE
COUNTY, MISSISSIPPI**   **DEFENDANTS**

## OPINION AND ORDER

This is a lawsuit brought by a prisoner in state custody challenging the conditions of his confinement, pursuant to 42 U.S.C. § 1983. The matter has come before the court on a review of the docket, which revealed three pending dispositive motions. In his Complaint, the Plaintiff made three claims – illegal search and seizure of his property, failure to protect from hazardous jail conditions and denial of medical care; however his search and seizure claims were dismissed by a previous order. He has now moved for partial summary judgment on his medical claim, and the Defendants have moved for dismissal of the entire lawsuit.

Wilkins claims that water running from the shower in the Clarke County Jail caused him to slip and hurt his neck and back. After the fall, Wilkins claims that he was in severe pain and could hardly sit up or walk. He says he made numerous requests for medical care that were ignored, until his wife visited the facility. At that time, he was taken to an off-site doctor who gave him "admission forms" that were never completed. Despite being moved to another facility, Wilkins claims that he has not received adequate medical care, as he has not had an MRI.

On December 7, 2005, the Defendants filed a Motion to Dismiss, seeking either a dismissal of this action or a stay pending discovery on their immunity defense. This Motion was filed prior

to the Omnibus Hearing in this matter, which was held on February 7, 2006. The Omnibus Order that was entered on February 14, 2006, set a schedule for the disposition of this matter; therefore, that early Motion to Dismiss will be denied.

On March 7, 2006, the Plaintiff filed a Motion for Partial Summary Judgment, claiming that the medical records that he submitted conclusively showed that he received inadequate medical treatment at the Clarke County Jail. The Defendants never responded to that Motion; however they did seek an extension of the motion deadline. On June 6, 2006, Sylvia Savini Owens entered her appearance as counsel of record for the Plaintiff in this matter. On July 31, the Defendants moved for summary judgment and served a copy of that Motion on Ms. Owens, but not on the Plaintiff. Neither the Plaintiff nor his attorney has entered a response to the Defendants' Motion for Summary Judgment, which seeks a dismissal of both his claim of inadequate medical treatment and his claim of unconstitutionally dangerous jail conditions.

In his Motion for Partial Summary Judgment, Wilkins claims that he fell in the shower at the Clarke County Jail on May 27, 2005, but was not seen by a doctor until June 23. According to the Plaintiff, the doctor ordered a follow-up MRI and X-rays, which he did not receive. He claims that he continues to suffer pain and difficulty in walking because of the injuries to his neck and back. However, none of the documents attached to his Motion for Summary Judgment supports his claim that his fall occurred in May, 2005. In fact, statements that he submitted from Mary McLendon and Steve Goodwin reflect that the fall actually occurred on June 23.

According to the Defendants' Motion, the Plaintiff was incarcerated in the Clarke County Jail from May 20, 2005, to July 1, 2005. They dispute the date of his injury, contending that jail records show that it occurred on June 23, 2005, the same day that he saw a doctor. Thus, they argue,

2

the Plaintiff's transfer to the custody of MDOC eight days later prevented them from following up on the medical care recommended by the doctor. Finally, they argue that the Plaintiff has not established that the Defendants were responsible for his fall in the shower, as it has not been shown that the shower was dangerous.

Deliberate indifference to a prisoner's serious medical needs constitutes an actionable Eight Amendment violation under §1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). However, delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, *which results in substantial harm. Id. Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993), citing *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (delay must constitute "deliberate indifference"); *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (delay must result in "substantial harm). Additionally, as the Fifth Circuit has stated, "Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). Thus, negligent medical care does not constitute a valid section 1983 claim. *Mendoza,* 989 F.2d at 193. This is so even if the negligence includes failure to follow recommendations of another physician, so long as those responsible for the prisoner's medical care do not deny, substantially delay, or intentionally interfere with a plaintiff's medical treatment. *Hall*, 190 F.3d 693; *Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999).

Here, the Plaintiff has not created an issue of fact as to the date of his fall; instead, he has supported the Defendants' argument that the fall occurred on June 23. Therefore, the court finds that there was no delay in providing initial treatment. The medical record provided from that treatment

show that the physical evidence of his fall was "cracked area in both hands (palms)." His skin was described as tender, with a rash. The doctor noted that the Plaintiff had chronic lower back pain and foot problems and gave him a Decadron shot and a recommendation for an MRI on his back. None of these actions is consistent with a diagnosis of a serious injury from the fall; moreover, it is not clear whether the MRI was recommended as a result of the fall or because of the report of chronic back problems, since the chief complaint was noted to be with the Plaintiff's hands. Thus, it would not appear from this record that an MRI was required on an emergency basis.

The records produced by the Defendants show that the Plaintiff was sentenced on May 20, 2005, to three years in the custody of the Mississippi Department of Corrections. He was in the Clarke County Jail awaiting transfer to MDOC, and he was transferred about a week after the fall. Under these circumstances, it is not unreasonable that jail officials would not take the Plaintiff for an expensive medical test that did not appear to be needed on an emergency basis. Finally, health records produced from the beginning of the Plaintiff's incarceration in the custody of MDOC do not reflect any immediate complaint of a back or neck problem.

For all of these reasons, the court is of the opinion that the Plaintiff has not established that he received constitutionally inadequate health care while in the custody of the Defendants. He has not shown any delay in initial treatment for his fall, he has not established that the failure to provide him with an MRI was unreasonable under the circumstances, and he has not established that the Defendants' failure to order an MRI resulted in substantial harm. For all of these reasons, the court finds that the Plaintiff's Motion for Partial Summary Judgment should be denied.

Wilkins's remaining claim is that his fall was the result of a dangerous condition in the shower area of the Clarke County Jail. Specifically, he claims that he and other inmates noticed that

the shower curtain needed to be changed or fixed, because it was allowing water to run down onto the floor. According to him, their requests were disregarded, and this condition caused him to fall in the shower. Even if these allegations are true, Wilkins must show that the Defendants' failing to fix or replace the shower curtain constituted deliberate indifference to a risk of serious injury. The court holds that it does not. A claim that jailers failed to repair a leak in a shower, thereby permitting the floor to get wet and causing a prisoner to fall, is, at most, an allegation of negligence. *Mack v. Johnson*, 48 Fed. Appx. 105 (5th Cir. 2002). As stated earlier, a claim of negligence is not actionable under 42 U.S.C. § 1983. Therefore, this claim must also be dismissed.

IT IS, THEREFORE, ORDERED as follows:

1. The Defendants' Motion to Dismiss filed on December 7, 2005, is hereby **denied**.

2. The Plaintiff's Motion for Partial Summary Judgment is hereby **denied**.

3. The Defendants' Motion for Summary Judgment is hereby **granted**, and this case will be dismissed with prejudice. In accordance with Fed. R. Civ. P. 58, a separate judgment will be entered on this date.

IT IS SO ORDERED, this the 8th day of September, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE